UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANTONIO RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT CHILDREN FAMILY SERVICE IN WASHINGTON D.C.,<br><br>Defendant. | Case No. 20-cv-01438-HSG<br><br>**ORDER OF DISMISSAL** |

# INTRODUCTION

Plaintiff, an inmate at Coalinga State Hospital, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 6) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

# DISCUSSION

**A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or in fact.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint brings suit against the Department of Children and Family Services ("DCFS") in Washington, District of Columbia.[1] The complaint alleges that plaintiff's mother's parental rights were violated from 1982 to November 2020 and that plaintiff was the result of a rape, which resulted in his mother's failure and inability to raise him like her own son. The relief requested is unclear, and consists of a single world, "Disiphant." Dkt. No. 6 at 1, 3.

The complaint will be DISMISSED for failure to state a claim. The facts alleged do not state a violation of any right secured by the Constitution or laws of the United States, much less a violation of plaintiff's constitutional or federal rights. The complaint will be dismissed with prejudice because amendment would be futile. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs.") (citation and internal quotation marks omitted).

**CONCLUSION**

---

[1] There is no federal DCFS agency.

For the foregoing reasons, the Court DISMISSES this action with prejudice. The Clerk is directed to enter judgment in favor of defendant and close the file.

**IT IS SO ORDERED.**

Dated: 4/29/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge